IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALLIANCE, FRANKLIN/TEMPLETON, BANK OF AMERICA/NATIONS FUNDS, and PILGRIM BAXTER | Case No. 04-md-15862 (Judge Motz) |
| [Franklin Templeton Sub-Track] | |
| Sharkey IRO/IRA v. Franklin Resources, *et al.* | Case No. 04-md-1310 |

**CLASS LEAD PLAINTIFF'S MOTION FOR APPROVAL OF DISTRIBUTION PLAN**

Court-appointed Class Lead Plaintiff, the Deferred Compensation Plan for Employees of Nassau County ("Lead Plaintiff" or "Plaintiff"), respectfully moves this Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to enter the accompanying [Proposed] Order Approving Distribution Plan in the Franklin Templeton Sub-Track of MDL-1586 – *In re Mutual Funds Investment Litigation* (the "Action"), which will, among other things: (i) approve the administrative determinations of the Claims Administrator (Rust Consulting, Inc. ("Rust")) (a) accepting and excluding/rejecting the Proofs of Claim submitted in the Action, and (b) accepting and excluding/rejecting Claims of Class Members who held shares of Class Funds directly with Franklin, based on records provided by Franklin;[1] (ii) direct the distribution of the Net Monetary

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Declaration of Julie Swanson in Support of Motion for Approval of Distribution Plan (the "Swanson Declaration"), submitted herewith, or the Final Order and Judgment Approving Settlements and the Stipulation and Releases and Dismissing Actions Against the Defendants, entered in the Action on December 9, 2011 ("Final Order and Judgment") (Dkt. No. 129) (which incorporates by reference the defined terms in the Stipulation and Releases dated March 14, 2011 and filed with this Court on May 24, 2011 (Dkt. No. #1413(8)) (the "Stipulation")).

Amount and the OAG/Canary Fund to claimants whose Proofs of Claim (if required) have been accepted as valid and approved by the Court; (iii) direct that distribution checks state that the check must be cashed within 90 days after the issue date; (iv) direct that Authorized Claimants will forfeit all recovery from the settlement proceeds if they fail to cash their distribution checks in a timely manner; (v) adopt the recommended plan for the funds remaining following the Distribution; (vi) release claims related to the claims administration process; (vii) approve Rust's fees and expenses incurred and to be incurred in connection with the administration of the Settlements; (viii) authorize destruction after the Distribution of Proof of Claim forms and records of shareholders who held Class Funds directly with Franklin; and (ix) provide that the Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as the Court deems appropriate.

The grounds for this motion are set forth in the accompanying Class Lead Plaintiff's Memorandum In Support Of Motion For Approval Of Distribution Plan, and Declaration of Julie Swanson in Support of Motion for Approval of Distribution Plan, and all prior papers and proceedings in this Action.

The [Proposed] Order Approving Distribution Plan is attached hereto as Exhibit 1.

Dated: April 11, 2013

Respectfully submitted,

**WOLF POPPER LLP**

By: /s/ Chet B. Waldman
Robert M. Kornreich
Chet B. Waldman
Andrew E. Lencyk
845 Third Avenue
New York, NY 10022
Phone: (212) 759-4600
Fax: (212) 486-2093

*Class Lead Counsel in the Franklin Templeton Sub-Track, on behalf of Class Lead Plaintiff the Deferred Compensation Plan for Employees of Nassau County and the Class*

**TYDINGS & ROSENBERG LLP**

By: /s/ John B. Isbister
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Phone: (410) 752-9700

*Plaintiff's Liaison Counsel*